## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| CompuZone, Inc., doing business as VapingZone, | ) | Civil Action No.  3:14-2389-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| Vapor Zone, Inc. and International Vapor Group, Inc., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

Plaintiff CompuZone, Inc., doing business as VapingZone, for its Complaint against the Defendants, alleges:

### GENERAL ALLEGATIONS

1.  Plaintiff is a South Carolina corporation, doing business in, among other places, Richland County, South Carolina.

2.  Defendants Vapor Zone, Inc. and International Vapor Group, Inc. each is a corporation organized and existing under the laws of the State of Delaware.  Both have a principal place of business at the same location: 15050 NW 79 Court, Suite 101A, Miami Lakes, Florida.  Vapor Zone, Inc. is a wholly owned subsidiary of International Vapor Group, Inc.

3.  Jurisdiction is proper at least pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1367, 2201, and 15 U.S.C. § 1121.

4. This Court also has jurisdiction over this action at least pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. Venue is proper at least pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. This Court has *in personam* jurisdiction over Defendants arising out of their acts in this judicial district. Products manufactured and sold by Defendants, as further identified hereinbelow, have been and are being sold within in the State of South Carolina and in this judicial district. The Defendants conduct and transact business in South Carolina by soliciting, receiving, and filling orders from residents of South Carolina, and commit tortious acts in whole or in part in South Carolina, which confers this Court with jurisdiction over the Defendants at least pursuant to S. C. Code Ann. §§ 36-2-802, 803.

7. For more than three years, and well before the activities of the Defendants outlined below in Paragraph 16, Plaintiff has promoted, advertised, marketed, and sold to the general public high-quality electronic cigarettes and related supplies and equipment (together, "electronic cigarette products") under its VAPINGZONE mark. Plaintiff's electronic cigarette products under the VAPINGZONE mark have been extensively and continuously promoted to the general public by the Plaintiff in the United States and have achieved significant sales success.

8. For more than three years, and well before the activities of the Defendants outlined below in Paragraph 16, Plaintiff has operated a publicly-accessible website with the domain name <vapingzone.com> for promoting, advertising, marketing, and selling to the general public its electronic cigarette products under its VAPINGZONE mark.

9. For more than a year, and well before the activities of the Defendants outlined below in Paragraph 16, Plaintiff has promoted, advertised, and marketed to the general public its electronic cigarette products under its VAPINGZONE mark by maintaining a publicly-accessible YouTube® page entitled "VapingZone University," located at <https://www.youtube.com/user/VapingZoneUniversity>.

10. Plaintiff has sold to the general public its electronic cigarette products under its VAPINGZONE mark extensively in the United States and, indeed, around the world.

11. Plaintiff has expended substantial time, effort, and money in the promotion and advertisement of its electronic cigarette products offered for sale and sold to the general public in connection with its VAPINGZONE mark.

12. Plaintiff's exponential growth and success is due in large part to the general public's recognition of the high quality goods Plaintiff provides under the VAPINGZONE mark.

13. As a direct result of Plaintiff's widespread and continuous use and promotion of the VAPINGZONE mark, the general public associates the mark, when used by Plaintiff, as identifying Plaintiff as the single source of the electronic cigarette products sold and offered for sale under the mark. The VAPINGZONE mark distinguishes Plaintiff's goods from products and services offered by others.

14. Also as a result of Plaintiff's widespread and continuous use and promotion of the VAPINGZONE mark with electronic cigarette products, the mark has become widely known and recognized by the consuming public as identifying Plaintiff as the source of the goods. The VAPINGZONE mark represents and embodies the

enviable reputation and very valuable goodwill of Plaintiff among members of the trade and the purchasing public.

15. Through continuous and exclusive use of the VAPINGZONE mark, Plaintiff has acquired common law rights in the VAPINGZONE mark.

16. Defendants have begun advertising and selling to the general public in the United States electronic cigarette products under the name "Vapor Zone," including but not limited to through a publicly-accessible website operated by the Defendants having the domain name <vaporzone.com>.

## FIRST CAUSE OF ACTION
### False Designation of Origin and False Advertising

17. The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

18. Defendants' advertising and sales of electronic cigarette products under the name "Vapor Zone," including but not limited to through a website having a domain name <vaporzone.com>, constitute false and/or misleading descriptions and/or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, and/or qualities of the Defendants' goods in violation of 15 U.S.C. § 1125.

19. Defendants' false and misleading descriptions and/or statements actually deceive or have a tendency to deceive a substantial segment of customers. Consumers are likely to be confused as to the true origin of Defendants' goods, and are deceptively led to believe that the goods Defendants promote, advertise, and sell are

4

endowed with the same desirable attributes as the goods supplied by Plaintiff, in violation of the Lanham Act, 15 U.S.C. Section 1125(a).

20. Defendants' false and misleading statements and/or descriptions are material and are likely to influence the purchasing decision of actual and prospective customers.

21. Defendants' actions with regard to the above-referenced false and misleading statements and/or descriptions have been committed willfully and in bad faith and with the intent to cause confusion, to mislead, and/or to deceive.

22. As a direct and proximate result of Defendants' conduct, Plaintiff has been and is likely to be substantially injured in its business including harm to its goodwill and its reputation and loss of revenues and profits.

23. The foregoing acts and conduct by Defendants constitute false designation of origin and false advertising in connection with goods distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

24. By virtue of the foregoing conduct and as a proximate result therefrom, Plaintiff has been damaged.

25. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

26. Plaintiff is entitled to a temporary and permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs, and attorney's fees.

## SECOND CAUSE OF ACTION
### Trademark Infringement under South Carolina Law

27.    The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

28.    As a result of Defendants' conduct, consumers are confused, and will likely continue to be confused, mistaken, or deceived as to affiliation, connection, and/or association of Defendants and their electronic cigarette products with Plaintiff, as to the origin, sponsorship, or approval of Defendants' electronic cigarette products, and/or as to the nature, characteristics, or qualities of Defendants' electronic cigarette products.

29.    Defendants' conduct, including as described above, constitutes trademark infringement under South Carolina common law.

30.    By virtue of the foregoing conduct and as a proximate result therefrom, Plaintiff has been damaged.

31.    Because of Defendants' conduct, Plaintiff has suffered and, unless Defendants' conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

32.    Plaintiff is entitled to judgment against Defendants for the damages proximately caused by their trademark infringement.

## THIRD CAUSE OF ACTION
### Unfair Competition under South Carolina Law

33.    The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

6

34. The acts and conduct of Defendants alleged herein constitute intentional and willful unfair methods of competition and unfair or deceptive acts or practices in commerce in violation of South Carolina, S.C. Code Ann. §§39-5-10, et seq.

35. The acts and conduct of Defendant alleged herein constitute intentional and willful unfair competition which is likely to have an adverse impact upon the public.

36. The intentional and willful unfair methods of competition and unfair deceptive acts of practices by Defendant are capable of being repeated, and in fact are being repeated.

37. As a direct and proximate result of Defendant's unfair competitive acts in contravention of South Carolina law, Plaintiff has been injured and damaged, and is entitled to damages, trebled, as well as attorneys' fees and costs incurred in this litigation.

## FOURTH CAUSE OF ACTION
### Cancellation of Trademark Registration(s)

38. The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

39. On March 18, 2014, Defendant International Vapor Group, Inc. was issued federal registration 4,499,590 for the alleged mark VAPOR ZONE for "wholesale distributorships featuring electronic cigarettes, electronic cigarette cartridges, electronic cigarette atomizers, electronic cigarette filters, electronic cigarette refill liquids, cigarettes containing tobacco substitutes not for medical purposes, electronic cigarette for consuming herbal appetite suppressants, caffeine, nutritional and dietary

7

supplements and vitamins, and nicotine free electronic cigarettes; retail store services and on-line retail store services featuring electronic cigarettes, electronic cigarette cartridges, electronic cigarette atomizers, electronic cigarette filters, electronic cigarette refill liquids, cigarettes containing tobacco substitutes not for medical purposes, electronic cigarette for consuming herbal appetite suppressants, caffeine, nutritional and dietary supplements and vitamins, and nicotine free electronic cigarettes."

40. In applying for the 4,499,590 registration, Defendant International Vapor Group, Inc. informed the United States Patent and Trademark Office that it first began using the alleged mark in commerce in November, 2013, which is well after the activities of the Plaintiff outlined above in Paragraphs 7 – 15 of promoting, advertising, marketing, and selling electronic cigarette products under its VAPINGZONE mark.

41. Defendant International Vapor Group, Inc. is currently applying for a second federal registration of the alleged mark VAPOR ZONE, in application serial number 86092541, for:

    a. "cartridges sold filled with propylene glycol for electronic cigarettes; cartridges sold filled with vegetable glycerin for electronic cigarettes"; and

    b. "cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges"; and

    c. "electronic cigarettes; electronic cigarette refill cartridges sold empty; electronic cigarette atomizers; electronic cigarette filters; cigarettes containing tobacco substitutes not for medical purposes; electronic

cigarette cartridges sold empty; electronic cigarette for consuming herbal appetite suppressants, caffeine, nutritional and dietary supplements and vitamins; nicotine free electronic cigarettes; electronic cigarette kits, each consisting of electronic cigarette cartridges sold empty, a battery, a battery charger that can be plugged into a wall, and an atomizer; carrying cases specifically designed to carry electronic cigarettes."

42. In its 86092541 application, Defendant International Vapor Group, Inc. informed the United States Patent and Trademark Office that it first began using the alleged mark in commerce in September, 2013, which is well after the activities of the Plaintiff outlined above in Paragraphs 7 – 15 of promoting, advertising, marketing, and selling electronic cigarette products under its VAPINGZONE mark.

43. Defendant International Vapor Group, Inc.'s 86092541 application has been described as "approved" and appears to be imminent for registration.

44. Defendant International Vapor Group, Inc.'s 4,499,590 registration should be cancelled, under 15 U.S.C. §1052(d), because use by Defendant International Vapor Group, Inc. of the alleged mark VAPOR ZONE for the claimed goods would be likely to cause confusion as to Plaintiff's previously-first-used and superior VAPINGZONE mark.

45. Defendant International Vapor Group, Inc.'s 86092541 application should be abandoned or assigned to Plaintiff or, should a registration issue for Defendant International Vapor Group, Inc.'s 86092541 application, that registration should be cancelled, because use by Defendant International Vapor Group, Inc. of the alleged mark VAPOR ZONE for the claimed goods would be likely to cause confusion as to Plaintiff's previously-first-used and superior VAPINGZONE mark.

## FIFTH CAUSE OF ACTION
### Abandonment or Transfer of Domain Name

46.     The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

47.     The Defendants' domain name <vaporzone.com> is quasi-identical and at least confusingly similar with the Plaintiff's trademark VAPINGZONE.

48.     The similarity between the Defendants' domain name and Plaintiff's trademark VAPINGZONE creates a high risk of confusion among consumers and Internet users.  There is and will be a high risk that visitors of the site accessible through the domain name <vaporzone.com> confuse it for being interconnected with the Plaintiff and incorrectly confuse the information found there as being provided or accepted by Plaintiff.  Thus there will be a high risk of damage to the Plaintiff's goodwill.

49.     Defendants have no rights or legitimate interest in the domain name <vaporzone.com>.

50.     Defendants have not acquired valid trademark rights that could support a legitimate interest in the domain name, and Plaintiff has not licensed or otherwise authorized Defendants to use the confusingly similar term "vaporzone."

51.     By using the domain name <vaporzone.com>, which is quasi-identical to Plaintiff's trademark VAPINGZONE for identical goods, Defendants have intentionally attempted to misleadingly divert present and potential new internet users to the Defendants' website for commercial gain by creating a likelihood of confusion with Plaintiff's mark as to the source, sponsorship, affiliation, or endorsement of the Defendants' website or products on Defendants' website.

52. For the foregoing reasons, Defendants should be ordered to abandon, or to transfer to Plaintiff, the domain name <vaporzone.com>.

## FIFTH CAUSE OF ACTION
### Declaratory Judgment of Noninfringement

53. The preceding allegations, as well as the allegations in Plaintiff's subsequent causes of action, are incorporated by reference herein as fully as if repeated verbatim.

54. Defendants have accused Plaintiff of infringing alleged trademark rights in the alleged mark VAPOR ZONE.  More specifically, attorneys for the Defendants wrote to the Plaintiff that, *inter alia*:

   a. "Your company's use of VAPING ZONE as your business name and on your company's YouTube page in connection with electronic cigarettes and electronic cigarette products constitutes a violation of our client's intellectual property rights."

   b. "Your use of VAPING ZONE in connection with electronic cigarettes and electronic cigarette products will invariably mislead the public to think there is an association between Vapor Zone and Vaping Zone."

   c. "Furthermore, the use of this confusingly similar mark constitutes a violation of the trademark, anti-dilution and unfair competition laws of the United States."

   d. "[O]ur client is prepared to take aggressive action in connection with these clear violations…."

55. As asserted above, Plaintiff's trademark rights in the mark VAPINGZONE predate and are superior to any rights, if any there be, in the alleged mark VAPOR ZONE to Defendants. For example, the earliest date of first use in commerce of the alleged mark VAPOR ZONE that was asserted by Defendants in either of their federal trademark registration applications was September 2013, yet the "YouTube page" expressly cited by Defendants' attorneys clearly shows multiple videos that were uploaded by the Plaintiff "1 year ago," and Plaintiff's domain name <vapingzone.com> is easily verified to have been created and registered in December, 2010.

56. An actual case or controversy, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, exists between Plaintiff and Defendants, Plaintiff and Defendants having adverse legal interests, regarding the existence or not of trademark rights to Defendants and the superiority of Plaintiff's trademark rights.

57. Plaintiff is entitled to the decree and declaration of the Court that it infringes no trademark right of either Defendant in the term "Vapor Zone."

## JURY TRIAL DEMAND

Plaintiff requests that all claims and issues triable to a jury be tried to a jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Plaintiff be awarded compensatory damages, treble damages, disgorgement of profits, and attorney's fees;

b. A preliminary injunction, and upon final hearing, a permanent injunction, enjoining Defendants, their agents, employees and any persons acting in

concert with Defendants, from: (i) improperly using or misappropriating, directly or indirectly, Plaintiff's trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the general public as being an authorized by or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the VAPINGZONE mark;

c. That the Court cancel U.S. Trademark Registration No. 4,499,590;

d. That the Court cancel any registration that issues as a result of Defendant International Vapor Group, Inc.'s 86092541 application;

e. That the Court order and decree that Plaintiff's use of its mark VAPINGZONE as described herein is not likely to cause confusion, mistake or to deceive, does not infringe upon or dilute any trademarks owned by the Defendants, does not violate any rights of the Defendants, and does not cause any damage to the Defendants;

f. That Plaintiff be awarded pre-judgment interest on any damages awarded to Plaintiff;

g. That Defendants be ordered to pay all costs associated with this action; and

h. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                NEXSEN PRUET, LLC

June 13, 2014                    *s/ Timothy D. St.Clair*
                                                Timothy D. St. Clair (Fed. ID # 4270)
                                                Sara C. Kanos (Fed. ID # 9978)
                                                P. O. Drawer 10648
                                                Greenville, South Carolina 29603
                                                Telephone: (864) 282-1181
                                                Facsimile: (864) 477-2634
                                                E-Mail: tstclair@nexsenpruet.com

                                                ATTORNEYS FOR PLAINTIFF